Filed 10/9/23  P. v. Robleto CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Colusa)

----

| | |
|---|---|
| THE PEOPLE, | C097000 |
| Plaintiff and Respondent, | (Super. Ct. No. CR59083) |
| v. | |
| DANIEL A. ROBLETO, | |
| Defendant and Appellant. | |

In October 2017, defendant Daniel A. Robleto entered an open plea of no contest to second degree murder and was sentenced to 15 years to life in state prison.

The factual basis for the plea included the "evidentiary stipulation" that defendant "did personally commit an act of strangulation upon Lisa Marie Madrid, a human being, and by committing the said act of strangulation did unlawfully and with malice aforethought murder" her.  That written stipulation--verbally confirmed by counsel for the People as well as defense counsel at the change of plea hearing--was read out loud as

1

the factual basis, in defendant's presence, at the hearing, and immediately after its reading defendant entered his no contest plea.

In May 2022, defendant filed a petition for resentencing under former Penal Code section 1170.95, now section 1172.6.[1] The trial court denied the petition in August 2022, reasoning defendant was the actual killer based on the stipulated factual basis for his plea.

Defendant raises several claims on appeal from the trial court's order, each of which we address in detail and reject, *post*. We affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

*Defendant's plea and sentencing*

In 2017, defendant was charged with a single count of murder. The first amended complaint alleged defendant "unlawfully and with malice aforethought, murder[ed], [the victim]" in violation of section 187, subdivision (a). Defendant pleaded no contest to the charge of second degree murder, and counsel for both parties stipulated to the following factual basis for the plea: "[I]f the People were called upon to do so, the People would produce evidence both physical and testimonial, including the testimony of a [forensic pathologist] that on or about June 29, 2017, including the prior evening, *[defendant] did personally commit the act of strangulation on [the victim]; by committing the act of strangulation, did unlawfully and with malice aforethough[t], murder [the victim]* with asphyxiation. [Defendant] did leave [the victim's] body on [a local road]." (Italics added.) This stipulation was filed as an exhibit to the plea agreement. Further, defendant initialed the relevant box (item no. 15) on his plea form wherein he agreed to

---

[1] Undesignated statutory references are to the Penal Code.

Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. Although defendant filed his petition under former section 1170.95, we will cite to the current section 1172.6 in the remainder of our opinion.

2

the term: "Written statement of factual basis will be filed herein prior to the plea and will be the subject of an evidentiary stipulation."

At the change of plea hearing, the trial court inquired as to the factual basis for the plea, which it had not yet received but noted was referenced in item no. 15 of the written plea form. That written stipulation--verbally confirmed by defense counsel as well as the prosecutor--was then read out loud, in defendant's presence, at the hearing. Immediately after its reading, defendant entered his no contest plea. In December 2017, defendant was sentenced to state prison for 15 years to life.

*Defendant's section 1172.6 petition*

After defendant filed his petition for resentencing in May 2022, the trial court appointed counsel for him. The prosecution filed an opposition to the petition, arguing defendant was not charged with murder under any theory of imputed malice. Noting that the factual basis of defendant's plea stated that he personally strangled the victim with malice aforethought, the prosecution further argued defendant was ineligible for relief as a matter of law.

During a July 2022 hearing on defendant's petition, at which defendant was not personally present, defense counsel stated he had not filed a reply brief because he "d[id] not disagree" with the prosecution's "factual allegations regarding the history of the case." The trial court admonished counsel that failure to file a reply would be interpreted as a concession, although the court would still independently examine the record to determine whether a prima facie case had been made. Defense counsel stated he would submit without filing a reply to the People's opposition to defendant's petition as he did "not believe that the [petition] is well-founded." The court tentatively agreed with counsel regarding defendant's ineligibility for relief but continued the hearing to permit any further filings.

The trial court held a second hearing later that month, and defense counsel again advised that he did not believe the requested relief was "appropriate." The court agreed,

3

noting that the factual basis for the plea "demonstrates [that defendant] was not convicted of murder as an accomplice under the Felony Murder Rule or the Natural [and] Probable Consequences Doctrine, but rather as the sole principal in the commission [of] the murder, which was perpetrated directly by [defendant] by means of strangulation of the victim." The court denied defendant's petition.

On appeal, defendant contends the trial court engaged in improper fact finding to determine that he was the actual killer. In the alternative, he argues his stipulation did not render him categorically ineligible for relief under section 1172.6. Finally, defendant argues his lawyer improperly conceded ineligibility despite defendant's lack of consent to the concession. He adds that he received ineffective assistance of counsel.

## DISCUSSION

### I

*Legal Background*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437), which became effective on January 1, 2019, "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.)

Senate Bill No. 1437 also added section 1172.6, which allows those convicted of murder under the felony murder theory to petition the trial court to vacate the conviction and resentence the defendant. (§ 1172.6, subd. (a).) "If the petitioner makes a prima

facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).)

The prima facie inquiry under section 1172.6, subdivision (c) is "limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).) The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid.*) The court may rely on the record of conviction in determining whether defendant has made a prima facie showing, and " 'if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Ibid.*; see also *People v. Harden* (2022) 81 Cal.App.5th 45, 52 [it is appropriate for a court to deny a defendant's resentencing petition if the record shows defendant is ineligible for relief as a matter of law].) The court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis,* at p. 972.)

II

*Ineligibility as a Matter of Law*

Defendant first argues the trial court erred in denying him an evidentiary hearing because his petition was facially sufficient under section 1172.6 and the record does not establish he is ineligible for relief as a matter of law. He points out that the complaint did not specify any theory of murder and there were no jury instructions to clarify on what theory the prosecution relied. He acknowledges the stipulated factual basis admits he strangled the victim to death with the requisite malice but argues he did not *personally* stipulate to doing so. Citing *People v. Rivera* (2021) 62 Cal.App.5th 217, he argues the stipulation here does not render him categorically ineligible for relief. Accordingly, he alleges the court engaged in improper fact finding to conclude that he was the actual killer and ineligible for relief. We disagree.

5

First, the trial court reviewed and relied upon the plea colloquy and plea form, which is part of the record of conviction. The court may rule against defendant on this basis, and doing so was not error. (See *Lewis, supra*, 11 Cal.5th at p. 971 [a court may deny a petition at the prima facie stage based on the record of conviction].)

Second, as we have explained in detail *ante*, defendant initialed his signed plea form at item no. 15, acknowledging that as a term of his open plea to second degree murder he was entering into an "evidentiary stipulation" that would serve as the factual basis for the plea. The stipulation was read into the record at the hearing, as the factual basis for the plea, in defendant's presence, immediately before he changed his plea to no contest. The stipulation unequivocally established that defendant was the actual killer and had the requisite malice. That the trial court so found was not error.

*Rivera*, upon which defendant relies, is distinguishable. In that case, testimony before a grand jury showed that defendant drove an accomplice to a location where the accomplice shot and killed a victim. (*People v. Rivera, supra*, 62 Cal.App.5th at p. 224.) The defendant pleaded no contest to second degree murder, and his counsel stipulated to the transcript of the grand jury proceedings as the factual basis for the plea. (*Id.* at pp. 225-226.) The trial court denied the defendant's subsequent section 1172.6 petition, reasoning the defendant had pleaded no contest to second degree murder with malice. (*Rivera,* at pp. 226-227.) The appellate court reversed, holding that the defendant's bare admission to second degree murder did not establish as a matter of law that he committed the murder with actual malice given the generic description of the crimes in the indictment. (*Id.* at p. 234.) Further, the defendant had not admitted the truth of specific facts such that his counsel's stipulation to the transcript as the factual basis for the plea precluded relief. (*Id.* at pp. 234-235.)

This case is nothing like *Rivera*. Here, through the stipulated factual basis, defendant agreed to specific facts establishing as a matter of law that he was not convicted under any theory of imputed malice, but was the actual killer with the requisite

6

mental state. Defendant initialed the relevant portion of the plea form and signed the form. He entered his no contest plea immediately after the recitation of what both the prosecutor and defense counsel announced was the agreed-upon factual basis for the plea. Further, unlike *Rivera*, nothing in this record suggests that someone other than defendant committed the murder. No one else was charged with the crime. *Rivera* is inapposite and the trial court did not err in finding defendant ineligible for relief as a matter of law based on the record of conviction, including the charging document, the plea form, and the stipulation.

## III

### *Defense Counsel's Actions and Inactions*

Defendant next argues his counsel erroneously conceded he was ineligible for relief under section 1172.6. He cites *McCoy v. Louisiana* (2018) __ U.S. __ [200 L.Ed.2d 821] to argue a Sixth Amendment violation by virtue of his counsel's decision to not file a reply to the prosecution's opposition brief and to otherwise admit defendant's ineligibility as a matter of law. He argues counsel's reluctance to argue defendant's eligibility for relief was contrary to defendant's interests and violated his clear objective to be resentenced under section 1172.6. In the alternative, defendant argues his counsel was ineffective in failing to argue in favor of granting defendant relief. We see no merit in these claims.

First, because defendant had no Sixth Amendment right to counsel at this stage of the proceedings, see *Lewis, supra*, 11 Cal.5th at page 973, defendant cannot argue a violation of that right. Second, even were we to entertain the argument, defendant has failed to establish that his attorney acted in disregard of his explicit and continuing instructions.

"When a client expressly asserts that the objective of '*his* defence' is to maintain innocence of the charged criminal acts, his lawyer must abide by that objective and may not override it by conceding guilt." (*McCoy v. Louisiana, supra*, ___ U.S. at p. ___ [200

7

L.Ed.2d at p. 831].) If trial counsel overrides a defendant's autonomy on a fundamental decision that is reserved for the client, the defendant's Sixth Amendment rights are violated. (*Id*. at p. ___ [200 L.Ed.2d at pp. 829-830].) But the only evidence defendant cites as indicating that he expressly asserted a clear objective to continue to pursue his resentencing petition is the fact that he originally filed the petition. The record is silent as to any continued position taken by defendant (as opposed to by his counsel), or any conversations between the two. (See *People v. Franks* (2019) 35 Cal.App.5th 883, 891 [no Sixth Amendment violation where nothing in the record indicated defendant ever made clear to his counsel that the objective of his defense was to maintain innocence].)

Finally, given our conclusion that defendant was ineligible for relief as a matter of law, defendant cannot establish ineffective assistance of counsel, because there was no reasonable probability that the outcome of the hearing would have been different had counsel acted differently. (See *People v. Mai* (2013) 57 Cal.4th 986, 1009-1010 [to establish a claim of ineffective assistance of counsel, a defendant must prove that (1) trial counsel's representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms, and (2) the deficiency resulted in prejudice to defendant, meaning "there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different"]; see also *People v. Ochoa* (1998) 19 Cal.4th 353, 463 [trial counsel's representation is not deficient "for failing to make meritless objections"]; *People v. Price* (1991) 1 Cal.4th 324, 387 ["counsel does not render ineffective assistance by failing to make motions or objections that counsel reasonably determines would be futile"].) Defendant's claims of error based on his counsel's actions and inactions fail to persuade.

**DISPOSITION**

The trial court's order denying defendant's petition is affirmed.

                                                /s/
                                       Duarte, Acting P. J.

We concur:

   /s/
Krause, J.

   /s/
Boulware Eurie, J.